TOWNSHIP OF LITTLE FALLS, COUNTY OF PASSAIC, v. TOWNSHIP OF BERNARDS, COUNTY OF SOMERSET.

1. The maiden settlement of a wife remains and is imparted to her children when the husband has no settlement in this state.
2. An order of removal of a pauper unappealed from or affirmed on appeal, is conclusive upon the township charged thereby, and no other removal of such pauper can be made except to subsequently acquired settlement.

The following are the facts in the case:

Mary Ellen Couch and five children became in need of public relief at the township of Bedminster, in the county of Somerset, in November, 1880, and applied to the overseer of the poor of Bedminster, who gave them some relief, and at once notified the overseer of the poor of the township of Bernards, in the county of Somerset, that these persons, paupers, belonged to that township; the overseer of the poor of Bernards accepted the paupers, furnished aid and relief, and a few days after requested the overseer to have an order

of removal made.   Such order was had in due form, and was regularly served.   No appeal was taken by Bernards township. October 22d, 1881, Mrs. Couch again applied to the overseer of Bernards for relief, and thereupon he applied to a justice of the peace and procured the order removing them to Little Falls. This order was appealed from by Little Falls township, and upon the hearing of the appeal, the Somerset Quarter Sessions, having the foregoing facts presented to them, and the additional facts that the husband of the said Mary Ellen Couch and father of her children was absent, his whereabouts not known, and was an Englishman, having never acquired any residence in New Jersey; that his wife and the mother of their children was born in Little Falls township, confirmed the order of removal appealed from.

Argued June at Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *Gaston & Bergen.*

For the defendant, *Alvah A. Clark.*

The opinion of the court was delivered by

KNAPP, J.   If the question of the settlement of Mary E. Couch and her children is so far an open one that the justice making the order of removal and the Quarter Sessions on appeal were not precluded from considering it, there is no room for doubt that the order and its confirmation were rightly adjudged, for it is well settled that the place of one's birth is *prima facie* the place of his settlement, and is ground for so determining, unless another settlement, derivative or subsequently acquired, be shown.   Here the evidence goes no further than to establish the place of the mother's birth.   The case shows that no settlement was acquired by her marriage, her husband being an alien, and never having obtained any settlement in the state to impart to his wife.   And it is also established law, that in the absence of any settlement of the father, the

maiden settlement of the mother is imparted to the unemancipated children. 3 *Burn Just.* 35; *Paterson* v. *Byram,* 3 *Zab.* 394; *Alexandria* v. *Kingwood,* 3 *Halst.* 340.

But the contention is, that between *these parties* this is no longer a question for litigation, for the reason that before the making of this order, the same persons had been removed by an order of a justice from another township in Somerset county to the township of Bernards, and such order, not having been appealed from, is conclusive upon the township so charged, binding it to submission to the burden of these paupers there, as their legal settlement, except only as to a subsequently acquired settlement.

That such an order unappealed from is conclusive upon the parties to it, is conceded to be beyond dispute. But that it shall be so upon the township charged against its rights to remove the subject of it to a subsequently discovered legal settlement in some other municipality not a party to such order, is the point of contest between these parties. A number of cases are cited by plaintiff's counsel to maintain his proposition, and many others are to be found uniformly holding that such order unappealed from or confirmed upon appeal, not only binds the immediate parties to the litigation as to each other, but is conclusive as to all the facts found or necessary to have been found in support of such judgment, upon all parties subject to the jurisdiction of the court rendering the judgment. *Rex* v. *Silchester, Bur. Set. Cas.* 551; *Rex* v. *Hincksworth, Cald.* 42; *Rex* v. *Southowram,* 1 *T. R.* 353; *Rex* v. *Kenilworth, 2 T. R.* 598; *Rex* v. *St. Mary's,* 6 *T. R.* 615; *Rex* v. *Woodchester,* 2 *Str.* 1172; *Rex* v. *Rudgeley,* 8 *T. R.* 620; *Regina* v. *Holsworth,* 1 *Ad. & E.* 221; *Regina* v. *Wye,* 7 *Ad. & E.* 766; *Southfield* v. *Bloomingrove,* 2 *Johns.* 105.

In Regina *v.* Wye, Lord Denman assigns to it the form of a judgment *in rem;* binding upon all the world.

The cases clearly show that a settlement of a pauper by such proceeding being once established, no re-agitation of the matter so decided is permitted to the party charged by the judgment. Its conclusive character is rested upon a rule of

convenience, which prevents facts being twice litigated, or a second time brought to judicial determination after opportunity for disputing them has been passed over. It has support also in the reason that it avoids the cruelty of making the chargeable poor the foot-ball of parties who are willing, through selfish strife, to rid themselves of these public burdens.

The same circumstances which were adduced in evidence in the proceeding under review to support the present finding, existed when the first order was made. The case is not like that of Regina v. Wye. There, the former order set up in bar of the proceeding, did not settle the pauper by name or other certain designation, and it was held that he could not be embraced within the term "children" in the order, because the marriage of which he was of the issue had, by a competent court, been decreed void *ab initio*. The ground of the decision was, that the first order did not settle him, and therefore was no bar to that under review.

Here the plaintiff seeks to show in effect, by the new litigation, that the earlier judgment was erroneous. That a state of facts not in evidence in the first case, because then unknown to the parties, and now for the first brought to light, shows that the result should have been other than that which charged these persons upon the defendant. But the opportunity for proving error in such former decision passed away with the right of appeal, and it is not now competent upon new evidence of facts then existing, which could or could not have been, but which in fact was not produced on the former hearing, to impeach its correctness.

The cases of *Garwood* v. *Waterford*, 3 *Dutcher* 436; *McCoy* v. *Newton*, 8 *Vroom* 133, and others of that class in this state, reviewing proceedings under the Bastardy act, declare no rule or principle at variance with the determination here. nor is there anything in the case of *Perth Amboy* v. *Piscataway*, 4 *Harr.* 178, deciding differently. Piscataway had obtained an order of removal against Perth Amboy, which was appealed from; before the trial of the appeal, Piscataway

Little Falls v. Bernards.

withdrew the order, admitting it to be erroneous, and received the pauper back to its support; then, in a subsequent proceeding by the same township against the same, an order supported on appeal to the Sessions, charging the same pauper upon Perth Amboy, was set aside, for the reason that Piscataway, once having had such an order, its surrender was like giving up a judgment in its favor; and as against Perth Amboy, it was estopped from again asserting its claim. But it was said that the desertion of the order by Piscataway, did not preclude it from sending the pauper to any other place where his settlement might be found. The reason for that view is obvious; no judgment was against the township to conclude it. The case followed that of *Rex* v. *Llanrhydd*, 3 *Burn's Just.* 596, and *People* v. *Cayuga*, 3 *Cow.* 530. It is not perceived how the defendant in *certiorari* gains by either of these cases. All that is proved by them pointing at all toward the defendants' position, is that a township against which an order of removal is obtained, is not bound by it when afterwards it is withdrawn or deserted by the party procuring it. Hence it remains in full force.

In this state the rule has been directly recognized in *Elizabeth* v. *Westfield*, 2 *Halst.* 439, and *Upper Freehold* v. *Hillsborough*, 1 *Green* 289, and incidentally in many other cases. In Elizabeth v. Westfield the court went so far as to hold an order of removal made in the State of New York to a township in this state, as conclusively binding upon such township. But in Alexandria v. Kingwood, the extra-territorial force of such a proceeding was denied. But no question is made in that case, or in any other that I have found, of the finality of such a charge unappealed from.

For these reasons the order of the justice and of the Court of Sessions should be reversed, with costs